UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ASHLEY EVANS | : | Case No. 1:22CV343 |
| 4922 Little Richmond Rd. | : | |
| Dayton, OH 45246 | : | Judge |
| | : | |
| vs. | : | |
| | : | |
| TECH PRODUCTS | : | |
| CORPORATION | : | |
| 2215 Lyons Road | : | |
| Miamisburg, OH 45342 | : | |
| | : | |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Ashley Evans, for her complaint against Tech Products Corporation states as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil rights action arising out of the hostile work environment which Ashley Evans endured, and the intentional, purposeful, and discriminatory decision of Tech Products Corporation ("Tech Products") to terminate Ashley Evans's employment in retaliation for her lodging a complaint with the company of discriminatory conduct and sexual harassment by one of its managers toward her and other female employees.

2. Ms. Evans seeks monetary damages for her economic and non-economic injuries she has suffered and continues to suffer as a proximate result of Defendants' actions; punitive damages; and an award of her cost of reasonable attorney's fees.

3. This action is brought under Title VII, 42 U.S.C. §2000(e), *et seq.* and pursuant to the provisions of the Ohio Civil Rights Act prohibiting discrimination and retaliation in terms and conditions of employment on account of gender.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Ms. Evans's federal claim under 28 U.S.C. §1331 and may assume supplemental jurisdiction over her state law claim pursuant to 28 U.S.C. §1367 as such claim derives from the same nucleus of operative facts as her federal claim.

5. Venue with this Court is appropriate because all of the actions complained of herein occurred within this federal judicial district.

## III. ADMINISTRATIVE HISTORY

6. On August 9, 2021, Ms. Evans filed a charge of discrimination with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission against Tech Products, alleging sex discrimination and retaliation. The EEOC took up the investigation and issued a notice of right to sue on March 17, 2022.

7. Ms. Evans has timely filed this claim within 90 days of that notice.

## IV. PARTIES

8. Plaintiff, Ashley Evans, is a citizen of the United States and a resident of Dayton, Ohio. Tech Products Corporation employed Ms. Evans as a Shipping and Assembly Associate.

9. Defendant, Tech Products Corporation is a for-profit corporation registered and doing business in the State of Ohio. Defendant Tech Products Corporation is an employer as that term is defined by Title VII of the Civil Rights Act of 1964 and the Ohio Civil Rights Act.

## V. STATEMENT OF THE CASE

10. In or about July 2019, Ashley Evans began working at Tech Products as a temporary employee. Tech Products hired Ms. Evans as a permanent employee in or about October 2019, in its Shipping and Assembly department.

11. Soon after beginning at Tech Products, Ms. Evans observed Bryan Strayer, the Plant Manager, making sexually charged remarks to several of her female coworkers. For example, she observed Mr. Strayer approach her trainer, Erin Jackson, and ask her to touch his "chub," referring to his penis. On another occasion, Ms. Evans witnessed Mr. Strayer tell another coworker, Jennifer Babbs, that he "wanted to see [his] dick on her ass," and that she had "big jugs" and a "big fat ass."

12. Mr. Strayer also directed his harassment towards Ms. Evans herself. For example, on one occasion, Mr. Strayer told her she had a "fat white ass," and other employees reported to Ms. Evans that they witnessed Mr. Strayer make sexual comments about her breasts in quality meetings with other managers.

13. Mr. Strayer targeted Ms. Evans in particular for abuse. In addition to his sexually inappropriate remarks, he closely scrutinized Ms. Evans's work and made a habit of berating and belittling Ms. Evans over perceived errors.

14. Ms. Evans complained about Mr. Strayer's conduct to several of her coworkers and to her direct supervisor, Sean Campbell. However, Ms. Evans was advised that others had already complained about his harassing behavior to management, and it was best to simply avoid Mr. Strayer as much as possible.

15. On or about April 14, 2021, Jennifer Babbs complained of Mr. Strayer's conduct to the company president, David Meyer. On April 14, 2021, Ms. Babbs met with

3

Mr. Meyer, and John Darnell, the general manager. During that meeting, she named Ms. Evans as a witness to Mr. Strayer's harassing behavior.

16. Ms. Evans was called into that meeting. After receiving assurances that she would not be retaliated against for reporting Mr. Strayer's behavior, she described Mr. Strayer's harassment and sexually inappropriate behavior directed towards her and toward other female employees, including his sexual harassment of Ms. Jackson and Ms. Babbs.

17. During this meeting, Mr. Darnell indicated that he was aware of Mr. Strayer's conduct toward Ms. Jackson but claimed to be unaware that he had been harassing Ms. Evans. Mr. Darnell excused Mr. Strayer's conduct, saying that Mr. Strayer acted in that manner because he was "stressed" and released his stress through harassing behavior.

18. Mr. Meyer and Mr. Darnell informed Ms. Evans that they would conduct an investigation of Mr. Strayer's conduct based on her complaint.

19. Ultimately, Tech Products suspended Mr. Strayer for three days for his behavior toward Ms. Babbs.

20. After Mr. Strayer returned from his suspension, he began to falsely accusing Ms. Evans of committing violations of company policy, such as reporting to work late or abusing her entitlement to FMLA leave.

21. On June 30, 2021, Mr. Darnell terminated Ms. Evans for alleged "misrepresentation [sic] of facts," and "threatening and harassing a manager." He also cited a complaint that was allegedly lodged against Ms. Evans by another Tech Products employee.

22. The stated reasons for Ms. Evans's termination were false and merely pretext for illegal discrimination. Ms. Evans was terminated in retaliation for her complaint about her supervisor's sexually discriminatory and harassing behavior.

23. As a direct and proximate result of Tech Products' illegal actions, Ms. Evans has suffered and will continue to suffer damages from lost income and benefits, emotional distress, and damage to her professional reputation.

## VI. STATEMENT OF THE CLAIMS

### Count 1: Sex Discrimination - Hostile Work Environment
### (Title VII/ Ohio Civil Rights Act)

24. Plaintiff incorporates paragraphs 1 through 23 as if fully rewritten herein.

25. Ashley Evans is a woman.

26. Ms. Evans was subject to unwelcome sexual harassment.

27. The harassment was based on her gender.

28. The harassment was sufficiently severe or pervasive as to alter the conditions of her employment and create an abusive work environment.

29. Tech Products knew or should have known about the harassment and failed to act.

30. As a result of Tech Product's actions, Ms. Evans suffered damages, including medical expenses and emotional distress.

### Count 2: Retaliation
### (Title VII/Ohio Civil Rights Act)

31. Plaintiff incorporates paragraphs 1 through 30 as if fully rewritten herein.

32. Ms. Evans engaged in activity protected by Title VII and the Ohio Civil Rights Act when she opposed what she reasonably believed to be sex discrimination.

33. Tech Products was aware of Ms. Evans's protected activity.

34. Tech Products took adverse action against Ms. Evans after she complained of sexual discrimination by terminating her.

35. There is a causal connection between Ms. Evans's complaints of sex discrimination and the adverse action Tech Products took against her.

36. Tech Products' stated reasons for terminating Ms. Evans are pretext for illegal retaliation.

37. As a result of Tech Products' actions, Ms. Evans suffered damages, including lost wages and emotional distress.

## PRAYER FOR RELIEF

Wherefore, Ms. Evans demands judgment against Tech Products Corporation as follows:

1. For an award of compensatory damages for all economic injuries Ms. Evans suffered;

2. For an award of compensatory damages for all non-economic injuries Ms. Evans suffered;

3. For an award of punitive damages against Tech Products Corporation in an amount to be determined at trial;

4. For an award of Ms. Evans' reasonable attorney fees and costs;

5. For an award of any other relief in law or equity to which Ms. Evans is entitled under the premises.

Respectfully submitted,

/s/Dennis A. Gleason
Brian J. Butler (OH No. 0082675)
Dennis A. Gleason (OH No. 0099045)
MEZIBOV BUTLER
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
dgleason@mezibov.com

*Attorneys for Ashley Evans*

## JURY DEMAND

Ashley Evans demands that all issues of fact in the foregoing complaint be tried to a jury.

/s/Dennis A. Gleason
Dennis A. Gleason (OH No. 0099045)